## SUPERIOR COURT OF CINCINNATI
### No. 812
### GOLDMAN, Rec., v. KRUMHOLZ
Cincinnati Superior Court, Hamilton County

309. **PROCESS.**

Nonresident, present in Ohio to answer a criminal indictment, held not exempt from service of summons in civil action.

MARX, J.

#### Epitomized Opinion

Goldman, receiver of the Homeside Realty Co., sued Krumholz to recover $9,461 on an account for money due the Realty Co. Prior to this time, and while Krumholz resided in New York, the latter was indicted by the Grand Jury of Hamilton County for obtaining money under false pretenses. Krumholz returned to Hamilton county without being extradited and was served with summons in the civil action during the criminal trial. He was convicted of the criminal charge and sentenced to thirty days in jail. Krumholz filed a motion to quash the summons and set aside the service. In overruling the motion the Superior Court held:

1. "The rule is now almost universally established that a nonresident party who comes into a state for the purpose of appearing in a civil judicial proceeding is, during the time reasonably required in going to, attending and returning from such proceeding, exempt from the service of process upon him in another civil action commenced in such state. The reason underlying the adoption of this rule, is that since nonresident suitors cannot be compelled to attend judicial proceedings in a foreign jurisdiction, the law should protect them from the service of process in other action if they voluntarily enter a foreign jurisdiction and thereby assist in the administration of justice in such jurisdiction. Such reasons have no application whatsoever to a nonresident in a criminal case who must come into a foreign jurisdiction to answer a criminal charge. He does not come with any desire to aid in the administration of justice, but because the law requires his attendance."

2. The weight of authority supports the above view. 40 O. S. 130 is not contrary to the view here expressed because the Supreme Court held that the extradition on the criminal charge was for the purpose of summons in the civil action.

3. Service of summons in a civil action may be had on a convict in a penitentiary (2 N. P. n. s. 368, 14 Dec. 495), or on a person in jail. "The defendant in the present case was actually sentenced shortly after he was served with civil process, and it is conceded that if the service of civil process had been made upon him while he was in jail, the service would have been valid. Had the defendant been unable to give a bail bond, he would have been in jail, surely it is certainly not the intention of the law to permit the criminal by reason of his being in custody and by reason of his ability to give bail bond and perhaps to enjoy the delay of appeals, to thereby escape the service of process, and to defeat his creditors."

Attorneys—H. H. Shafer, for Goldman; R. Ratliff, for Krumholz.

## COMMON PLEAS COURT
### No. 810
### BONTE v. CUNNINGHAM-HOLMES CO.
Hamilton Common Pleas.
### No. 186226.

115. **CORPORATIONS.**

Dissolved corporations—Actions against may be in corporate name—Service of summons upon—Should be on Trustee if one was appointed.

MATTHEWS, J.

By the express provisions of Sections 11968 and 11969 GC., a dissolved corporation, no matter how the dissolution has been affected, may be sued in its corporate name as though no dissolution had taken place. By the express terms of the latter section the service may be upon either "an assignee, trustee, receiver thereof, or persons having charge of its assets.

Section 8742 GC. provides that unless otherwise in the dissolution proceedings, the directors shall be the trustees to wind up the affairs of the corporation, but that a trustee may be appointed by the stockholders for that purpose.

In view of the affidavit that a trustee was appointed, the court holds that under Section 11969 service should be made upon that trustee. The motion to quash is therefore sustained.

Attorneys—Sawyer & Paxson, Dinsmore, Shohl & Sawyer, for Motion; Ross, Jones & Tebbs, contra.

(See also page 784 for Automobile Case)

# November Weekly Digest

## TABLE OF CASES

Published in This Week's Abstract—Nov. 7

**FEDERAL COURTS**
**U. S. Court of Appeals**
Angenello v. U. S., 44 Abs. 779.
D. in re, 44 Abs. 779.

**STATE COURTS**
**Ohio Supreme Court**
McNab v. Park Comrs., 44 Abs. 780.
Ohio Auto. Sprinkler Co. v. Fender, 44 Abs. 780.
**Ohio Courts of Appeals**
Conger v. Carmichael Co., 44 Abs. 782.
Chandler v. Everette, 44 Abs. 781.
Grim v. Boyd, 44 Abs. 784.
Hallen v. Campbell, 44 Abs. 782.
Kirk v. Weldy, 44 Abs. 782.
Schur v Steinfeld, 44 Abs. 783.
Miller, et al v. Hempy, 44 Abs. 781.
Leamon v. State, 44 Avs. 784.
Selbarlaetner v. Uhlman, 44 Abs. 782.
Serrer v. Bartholomew, 44 Abs. 781.